IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JACOB SANTIAGO,

        Plaintiff,

v.

Officer MacNamara, and
Officer Shaub,

        Defendants,

C.A. No. 14-795-RGA

Plaintiff Response In Support of
Defendant's Motion To Dismiss, or, In The
Alternative, For Summary Judgement, In
Lieu Of An Answer.

Jacob Santiago
SBI #528971
P.O Box 9561
Wilmington, De 19809


FILED
JAN 21 2015
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# Nature And Stage of The Proceedings

On December 16th, 2014, Defendants, Officers MacNamara and Shaub, as well as their lawyer Daniel F. McAllister who works for the City of Wilmington Law Department sent a Motion To Dismiss, or, In The Alternative, For Summary Judgement, In Lieu of an Answer, to the United States District Court for the District of Delaware. Plantiff put a complaint in on June 23rd, 2014 for the two officers voilating my 4th and 8th Amendment Right by using excessive force when they arrested me. Plaint brung claim through 42 U.S.C 1983 form. On July 18th 2014 Plaintiff filed an motion to proceed in forma pauperis, pursuant to 28 U.S.C 1915, in which the court granted it. On August 18th 2014 Plantiff filed an Opening Brief stating facts of this incident on how the two officers voilated my fourth and eighth amendment rights by Using Excessive Force and Police Brutality by fracturing my Humerus in which I had to go through Surgery and Therapy.

    Plaintiff is filing a response to the ~~~~ Defendant's Motion to Dismiss, or, in the Alternative for Summary Judgement in Lieu of an Answer. The following is the Plaintiff response to the defendants Motion.

# Statement Of Facts

Plaintiff concurs with the Defendant's statement of facts with the exception of paragraph 2, sentences 2 and 4 which state that "Defendant MacNamara observed Plaintiff grab his waistband and believed he was accessing a weapon." "Plaintiff fled eastbound on Pleasant Street and MacNamara observed him throwing a black revolver under a parked vehicle." In the Defensive Tactics Report #30-14-004399. Dr. Cox's advised that Plaintiff would be admitted pending evaluation by a specialist, however Plaintiff was released to the custody of Department Of Corrections without a evaluation.

# Summary of Argument

I. The Defendants use of force was outrageously unreasonable due to the fact that Plaintiff was unarmed at the time of the arrest and Plaintiff surrendered on his own free will. Therefore Plaintiff excessive force claim should still be heard in the United States District Court.

II. The defendants is not exempt from Plaintiff claim because of the difference from Excessive Force and Police Brutality than using force to take a suspect down. According to Police policy and procedure.

III. As per pages 1 and 2 of the officer's use of force report, it is acknowledge in writing that plaintiff was physically injured, taken to the hospital, and released with a fractured Humerus. (See enclosed copy of the Defendants use of force report A-1 and A-2.)

# ARGUMENT

I. The Defendants use of force was outrageously unreasonable due to the fact that Plaintiff was unarmed and Plaintiff surrendered on his own free will. Therefore Plaintiff excessive force claim should still be heard in the United States District Court.

Plaintiff is arguing the facts that he was unarmed when arrested, and he gave up on his free will. As well as the cause of the two defendants fracturing my Humerus.

The two Defendants "said" they seen me discard a fire arm. (Which Plaintiff did not.) So the assumption of the two Defendants saying that the Plaintiff was dangerous to the citizens as well as their self was only an excuse to justify the use of excessive physical force. As for the plaintiff giving up on his own free will, the Plaintiff stop and put his hands in the air surrendering to the two Defendants. Defendant still tackles the Plaintiff to the ground. Plaintiff, not trying to hit his face on the ground, puts his arms in front of him to break the fall. The Defendant still knees, elbows, and stuff the Plaintiff face in the ground. With 200 plus pounds on top of the plaintiff there was no way Plaintiff could get his hands to the officer. When the other Defendant shows up he has no problem getting my left arm out. Defendant MacNamara going off his emtion and not off his intellect

snapped Plaintiff armed causing Plaintiff to lose conciousness, for a few seconds. When Plaint comes back to reality Defendant picks Plaintiff up and throws him in the car. At the time of the arrested Plaintiff got search and did not have any weapons on him, but got charged with an weapon that the Defendants has supposedly have seen him throw. Plaintiff went to Christiana Care, Wilmington Hospital and got evaluated. Dr. Cox was the Dr. to see the Plaintiff and told the Plaintiff he was going to see a specialist in which he never saw. It took Plaintiff (20) days to get surgery. In which was pain and suffering as well.

## ARGUMENT II

Plaintiff is stating that excessive force claim is different from just applying force to take a suspect down. The two Defendants lack police policy and procedures. There are other options for the Defendants to take a suspect down, that wouldn't have cause the Plaintiff to fracture his Humerus. If Plaintiff had additional weapons on him common sense would have made both defendants draw their weapons, if they have felt their lives as well as the citizens lives was in danger. Neither officers did that. Neither officers used their non-lethal weapons either, as a taser gun or capsten, to stop the Plaintiff. Now if either Defendant had used Police policy and procedures again Plaintiff would have never fractured his Humerus. It is impossible to accidently fracture a person Humerus, which is the biggest bone in any person arm, by just placing his arm

behind his back. That is why this case stands under the 4th and 8th amendment, in which the two Defendants voilated.

In response to Arguement #3 paragraph 2 and 3, Plaintiff argues that to tackle, knee, and strike a suspect is not a justifiyable use of force to stop active resistance. When officers fractured my Humerus is when their Immunity went out of the window, or when officers, by their own account, witnessed the Plaintiff dispose of what was believed, to be a firearm, therefore eliminating the threat of Plaintiff being armed and dangerous. Also, as previously stated, officers are equipped with non-lethal weapons to halt resistance without sustaing permanet injury. None of these were employed. Therefore, Plaintiff constitutional rights were voilated and qualified Immunity should not apply.

### ARGUMENT III

Plaintiff is stating that on the Use of Report, Plaintiff was injured and taken to the hospital and had a fractured Humerus. Neither officer was injured during this case. It also states that neither officer use non-lethal weapons to take suspect down.

### Conclusion

For the foregoing reasons, Plaintiff wishes for the court and Judge Richard G. Andrews to accept

Plaintiff response and allow this case to go forward to trail.

Jacob Santiago
SBI#528971
P.O Box 9561
Wilmington, De 19809

Dated: January 18th 2015

Jacob Santiago
SBI #528971
P.O. Box 9561
Wilmington, De 19809

OFFICE OF THE CLERK
United States DISTRICT COURT
844 N. King Street, Unit 18
Wilmington, De 19801-3570