# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JACOB SANTIAGO,                           :
                                          :
                    Plaintiff,            :
                                          :
        v.                                :    C.A. No. 14-795 RGA
                                          :
OFFICER MACNAMARA and OFFICER             :
OFFICER SHAUB,                            :
                                          :
                    Defendants.           :


## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
## MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT


**CITY OF WILMINGTON LAW DEPT.**

Daniel F. McAllister (I.D. #4887)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801-3537
(302) 576-2175
*Attorney for Defendants*


Dated:  February 2, 2015

## <u>TABLE OF CONTENTS</u>

SUMMARY OF ARGUMENT ......................................................................................................1

ARGUMENT ................................................................................................................................2

      I.      PLAINTIFF FAILS TO SHOW THAT THE DEFENDANT OFFICERS' USE OF FORCE WAS NOT OBJECTIVELY REASONABLE UNDER THE TOTALITY OF THE CIRCUMSTANCES ..........................................................2

      II.     PLAINTIFF FAILS TO SHOW THAT THE DEFENDANT OFFICERS DO NOT ENJOY QUALIFIED IMMUNITY FROM PLAINTIFF'S EXCESSIVE FORCE CLAIM....................................................................................................4

CONCLUSION ..............................................................................................................................5

## <u>TABLE OF CITATIONS</u>

### <u>CASES</u>

*Brooks v. City of Seattle*, 599 F.3d 1018 (9th Cir. 2010)................................................................4

*Forrester v. San Diego*, 25 F.3d 804 (9th Cir. 1994)....................................................................4

*Graham v. Connor*, 490 U.S. 386 (1989) ...........................................................................2, 3

*Herrera v. City of New Brunswick*, 2008 U.S. Dist. LEXIS 7532 (D. N.J.).................................3

*Rogers v. Powell*, 120 F.3d 446 (3d Cir. 1997) ...................................................................4

*Scott v. United States*, 436 U.S. 128 (1978)........................................................................3

*Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005) ...........................................................3

*United States v. Robinson*, 414 U.S. 218 (1973) ................................................................3

*Whren v. United States*, 517 U.S. 806 (1996)......................................................................3

*Wilson v. Russo*, 212 F.3d 781 (3d Cir. 2000) ....................................................................4

### <u>STATUTES</u>

11 *Del. C.* §1442 ..................................................................................................................2

11 *Del. C.* §1448 ..................................................................................................................2

### <u>RULES</u>

*Fed. R. Civ. P.* 12 (b)(6)......................................................................................................5

*Fed. R. Civ. P.* 56................................................................................................................5

## SUMMARY OF ARGUMENT

I.      Plaintiff fails to show that the Defendant Officers' use of force was not objectively reasonable under the totality of the circumstances.

II.     Plaintiff fails to show that the Defendant Officers do not enjoy qualified immunity from Plaintiff's excessive force claims.

## ARGUMENT

### I.   Plaintiff Fails to Show That the Defendant Officers' Use of Force Was Not Objectively Reasonable Under the Totality of the Circumstances.

For the reasons set forth in Defendants' Opening Brief, the Defendant Officers' use of force, as alleged in Plaintiff's complaint, was reasonable under the circumstances confronting them at the time of the incident.  Plaintiff admits once again in his Answering Brief that he was resisting arrest by fleeing and not releasing his hands.  (D.I. 20 at P. 5)  Furthermore, despite Plaintiff's assertion in his Answering Brief that the officers could not have seen him discard a firearm, Plaintiff pled guilty to Carrying a Concealed Deadly Weapon in violation of 11 *Del. C.* § 1442 and Possession of a Deadly Weapon by a Person Prohibited in violation of 11 *Del. C.* § 1448 on August 13, 2014.  *See* Superior Court Criminal Docket, A-16-18.

Plaintiff argues that the Defendants' use of force was unreasonable because he allegedly surrendered under his own free will.  (D.I. 20 at P. 5)  However, Plaintiff has already admitted that he initially fled from the Defendants, and that he did not release his hands when he was on the ground.  (D.I. 6 at P. 3; D.I. 20 at P. 5)   Therefore, for the reasons set forth in Defendants' Opening Brief, Defendants' use of force was objectively reasonable, and Plaintiff's Complaint must be dismissed.

Additionally, Plaintiff argues that Defendant MacNamara was "going off his emotion and not off his intellect" when MacNamara handcuffed Plaintiff and allegedly inadvertently broke his arm.  (D.I. 20 at PP. 5-6).  However, even if this were true (which it is not), such an assertion is not relevant to the question of whether MacNamara used excessive force.  In order to prevail on a Fourth Amendment excessive force claim, Plaintiff must demonstrate that the Defendants' use of force was not "objectively reasonable."  *Graham v. Connor*, 490 U.S. 386, 397 (1989).  "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively

reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id*., citing *Scott v. United States*, 436 U.S. 128, 138 (1978) and *United States v. Robinson*, 414 U.S. 218, 218 (1973).   Thus, the issue is never an officer's *subjective* intentions.

Next, Plaintiff asserts that the Defendants did not follow proper police policies and procedures when subduing him.[1]   (D.I. 20 at PP. 6-7)   However, even if this assertion were correct, it would not, in itself, be sufficient to give rise to constitutional liability on the part o Defendants, as Plaintiff argues.   Local police department directives and policies, and even nationally recognized standards for law enforcement agencies, are not relevant to determining the constitutionality of police conduct.   *See Whren v. United States*, 517 U.S. 806, 815 (1996); *Tanberg v. Sholtis*, 401 F.3d 1151, 1162-67 (10th Cir. 2005); *see also Herrera v. City of New Brunswick*, 2008 U.S. Dist. LEXIS 7532, at *22 (D. N.J.) ("the mere fact that an arrest was done in violation of police procedures cannot, without more, establish a constitutional violation").

Finally, Plaintiff states that "this case stands under…the 8th Amendment."  (D.I. 20 at P. 7).   However, Plaintiff's only claim as stated in his Complaint is one for excessive force in his arrest.   (D.I. 1).   When an excessive force claim arises in the context of an investigatory stop or arrest, the Court must construe the Complaint as "one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons... against unreasonable... seizures' of the person."   *Graham*, 490 U.S. 386 at 394.   Nothing alleged in Plaintiff's Complaint gives rise to an Eighth Amendment claim, despite Plaintiff's new assertion in his Answering Brief.

---

[1] Plaintiff appears to suggest, bizarrely, that the Officers should have used an even greater level of force than they did, such as deploying their tasers or drawing their service weapons.  (D.I. 20 at P. 6).

For all of these reasons, Plaintiff has failed to show that the Defendants' use of force as alleged in his Complaint was not reasonable, and therefore, his Complaint must be dismissed.

### II.   Plaintiff Fails to Show that the Defendant Officers Do Not Enjoy Qualified Immunity from Plaintiff's Excessive Force Claim.

For the reasons set forth in Defendants' Opening Brief, both Defendants enjoy qualified immunity from Plaintiff's excessive force claim.   Qualified immunity protects government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Rogers v. Powell*, 120 F.3d 446, 454 (3d Cir. 1997); *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000).  Just as Plaintiff's assertions addressed above fail to show that the Defendants violated Plaintiff's Fourth Amendment rights, they also fail to show that the Defendants are not entitled to qualified immunity.

Plaintiff also asserts that because he broke his arm in the course of his arrest, "…[the Defendants'] Immunity went out of the window…."   However, as set forth in Defendants' Opening Brief, courts have consistently ruled that physical injury alone is not sufficient evidence of excessive force.  *Forrester v. San Diego*, 25 F.3d 804, 805 (9th Cir. 1994); *Brooks v. City of Seattle*, 599 F.3d 1018, 1030-31 (9th Cir. 2010).  Therefore, it is not correct, as Plaintiff asserts, that the Defendants are not entitled to qualified immunity merely because Plaintiff broke his arm.

Finally, Plaintiff asserts that the Defendants are not entitled to qualified immunity because they witnessed him dispose of a firearm.  Plaintiff asserts that this effectively eliminated the threat of his being armed.  To the contrary, this merely served to show that Plaintiff was carrying at least one lethal weapon (a crime he later pled guilty to), which increased the threat Plaintiff posed to the officers and others.  That Plaintiff disposed of a firearm in no way strips the Defendants of qualified immunity.

For all of these reasons, Plaintiff has failed to show that the Defendants are not entitled to qualified immunity, and for this reason, too, his Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Gaetan MacNamara and Andrew Shaub respectfully request that the Court dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, grant summary judgment in their favor pursuant to Fed. R. Civ. P. 56.

**CITY OF WILMINGTON LAW DEPARTMENT**

  /s/ Daniel F. McAllister
Daniel F. McAllister (I.D. #4887)
Assistant City Solicitor
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801-3537
(302) 576-2175

*Attorney for Defendants Gaetan MacNamara and Andrew Shaub*

Dated:  February 2, 2015