IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACOB SANTIAGO, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-795-RGA |
| OFFICER MACNAMARA, et al., | : | |
| Defendants. | : | |

Jacob Santiago, Howard R. Young Correctional Institution, Wilmington, Delaware; Pro Se Plaintiff.

Daniel Foster McAllister, Esquire, City of Wilmington Law Department, Wilmington, Delaware; Counsel for Defendants.

**MEMORANDUM OPINION**

July \, 2015
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Jacob Santiago, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted *in forma pauperis* status. Before the court is Defendants' motion to dismiss or, in the alternative, for summary judgment, and Plaintiff's opposition thereto. (D.I. 14, 15, 16, 20, 21)

Plaintiff alleges that Defendants Officers MacNamara and Shaub "jumped out on him" and instinct told him to run. After two blocks, Plaintiff stopped, gave up, and placed his hands in the air. He alleges that McNamara tackled him, kneed him in the back repeatedly, and stuffed his face into the ground. Plaintiff alleges that his arms were under him, but it was because McNamara had tackled him and he tried to stop the impact so that he would not hit head first. Plaintiff alleges that he could not give the officers his hands because there was a knee in his back and a knee on his neck. Plaintiff alleges that Shaub hit him in the head a few times and told him to stop resisting.

Once the hitting stopped, MacNamara placed his knee on Plaintiff's shoulder and snapped Plaintiff's arm. Plaintiff was taken to the Wilmington Hospital for treatment of a fractured humerus (that is, his upper arm bone). He underwent surgery on February 6, 2014 and "got a plate and about 4 or 5 screws in [his] arm. (D.I. 2). Plaintiff was charged with carrying a concealed deadly weapon and resisting arrest. He alleges Defendants used excessive force.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss or, in the alternative, for summary judgment on the grounds that: (1) the use of force was

1

objectively reasonable under the totality of the circumstances and, therefore, dismissal is appropriate, and (2) they enjoy qualified immunity from the excessive force claims. Given Plaintiff's *pro se* status, the court considers the instant motion as one for dismissal and not for summary judgment.[1]

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A complaint does not need detailed factual allegations; however,

---

[1] The Federal Rules of Civil Procedure provide that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the Court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

"a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Such a determination is a context specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

Defendants move to dismiss on the grounds that the allegations against them fail to state a claim upon which relief may be granted. They argue that, even accepting as true the factual allegations in the complaint, the use of force as alleged was reasonable under the circumstances confronting Defendants. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

This Court previously reviewed the allegations in the complaint and found that Plaintiff stated cognizable and non-frivolous claims. Nothing has changed since the court's ruling. Plaintiff adequately alleges excessive force claims against Defendants. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard. . . .") *see also Kingsley v.*

3

*Hendrickson*, ___U.S.___, 2015 WL 2473447, at *5 (June 22, 2015) (in the context of a pretrial detainee excessive force case that also employs the reasonableness standard, "if the use of force is deliberate, i.e, purposeful or knowing – [] the claim may proceed"). Therefore, the Court will deny Defendants' motion to dismiss filed pursuant to Rule 12(b)(6).

Defendants also seek dismissal on the grounds of qualified immunity. They argue that qualified immunity is appropriate because no unconstitutional use of excessive force occurred and, even if excessive force was used, a reasonable officer confronting the situation in which Defendants found themselves would believe Defendants' conduct was lawful.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation and quotation marks omitted). The question of "whether an officer made a reasonable mistake of law and is thus entitled to qualified immunity is a question of law that is properly answered by the court, not a jury." *Curley v. Klem*, 499 F.3d 199, 211 (3d Cir. 2007). "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009). A full analysis of whether qualified immunity applies to Plaintiff's claims against Defendants is premature because there are unresolved questions of fact relevant to the analysis.

Accordingly, the Court will deny the motion to dismiss on the grounds of a qualified immunity defense at this stage of the litigation, without prejudice to Defendants' ability to later raise the defense.