IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACOB SANTIAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-795 RGA |
| | ) | |
| OFFICER MACNAMARA and OFFICER | ) | |
| OFFICER SHAUB, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION AND ORDER FOR THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the undersigned parties in this action believe that certain information, documents and things sought through discovery may contain or disclose confidential or proprietary information; and

WHEREAS, the undersigned parties desire to establish a mechanism to prevent the improper disclosure of certain information, documents and things sought through discovery that contain or disclose confidential or proprietary information.

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and between counsel for the parties, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged, whether formally or informally, by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

1.      Any party or non-party who provides or has provided information or material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "CONFIDENTIAL" under the terms of this Stipulation if the Producing Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary or commercially or personally sensitive information that requires the protections provided in this Stipulation (collectively, "Confidential Discovery Material").

2.      For purposes of this Stipulation, information considered to be Confidential Discovery Material includes all non-public material containing information related to: internal reports and investigations, studies or analyses by internal or outside experts, non-public financial, commercial or business information,  personal financial information or personally sensitive information including social security numbers and financial data or results, tax data, other technical or non-technical subject matter within the meaning of Federal Rule of Civil Procedure 26(c) or other sensitive or proprietary information.

3.      Specifically, Confidential Discovery Material produced shall include, but not be limited to, the following documents: police directives and standard operating procedures that are not purely administrative in nature, employee personnel files and internal affairs files.

4.      Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

5.      The designation of Discovery Material as "Confidential" or for purposes of this Stipulation shall be made in the following manner by any Producing Party:

a.     in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material.

b.     in the case of depositions or other pretrial testimony, other than court transcripts: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all parties within 10 days of receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

c.     in the case of non-written material, such as recordings, magnetic media, photographs, and things, or legend substantially in the form described in 4(a) and 4(b) shall be affixed to the material, or to a container for it, in any suitable manner.

d.     in the case of Court transcripts, by following the redaction procedures set forth by the United States District Court for the District of Delaware.

6.     Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by supplemental written notice, within a reasonable period of time, designating such Discovery Material as "Confidential" or in a manner consistent with Paragraph 4. The party or parties receiving such supplemental written notice shall thereafter mark and treat materials so designated as "Confidential," and such materials shall be fully subject to this Stipulation and Order as if they had been initially so marked.

7.    Except as specifically provided for in this or subsequent Court orders, Discovery Material designated "Confidential" or its contents shall not be revealed, disclosed or otherwise made known to persons, directly or indirectly, other than as follows:

a.    the parties to the Litigation, including each party's officers, members, managers, employees, and former employees whose assistance is necessary for counsel to prepare the case;

b.    experts or consultants who are not officers, members, managers or employees of any party who are necessary to assist counsel of record in the conduct of this Litigation, provided that any such persons receiving Confidential Discovery Material shall pledge to abide by the terms and conditions of this Stipulation and Order, and shall so evidence such undertaking by signing a confidentiality statement in the form attached as Exhibit A, which shall be maintained by counsel of record for whom such expert or consultant is working and, in the case of testifying experts, shall be disclosed to opposing counsel by the date on which expert disclosures are due pursuant to the Scheduling Order entered by the Court in this Litigation.

c.    counsel for parties that have appeared in the Litigation and regular and temporary employees or vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the action for use in accordance with the terms of this Stipulation and Order;

d.    in-house counsel whose job responsibilities include conducting, participating in or supervising the subject matter of the Litigation;

e.    the Court and Court personnel;

f.    court reporters employed in connection with this Litigation;

4

g.      any other person upon order of the Court or upon prior written consent of the party that produced the Confidential Discovery Material.

h.      deponents, including third party deponents, during the course of their depositions in this action, to the extent that the deponents have previously seen the designated material or would have access to the designated material or substantially similar materials in the course of their job responsibilities;

8.      Discovery Material designated "Confidential--Attorneys' Eyes Only" or its contents shall not be revealed, disclosed or otherwise made known to persons, directly or indirectly, other than to counsel for parties and the Court, and to deponents during the course of their depositions in this action, including third party deponents, if the deponents have previously seen the designated material or would have access to the designated material in the course of their job responsibilities.

9.      Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.

10.     This Stipulation shall not be construed to prevent examination of any person as a witness at trial or during deposition concerning any Confidential Discovery Material which that person had lawfully received prior to and apart from this Litigation.  Any party or non-party producing Confidential Discovery Material may, by written waiver, or statement on the record at a deposition, permit Confidential Discovery Material to be furnished to a person not listed in Paragraph 6.  Any Producing Party may be examined at trial or during deposition regarding Confidential Discovery Material that such Producing Party produced.  During examination, a

witness may be shown Confidential Discovery Material if it appears from the face of the document, or from other documents or testimony, to have been received by that witness or communicated to that witness.

      11.    All documents of any nature, including briefs, which contain material designated as "Confidential" or "Confidential—Attorneys Eyes Only" and which are filed with the Court, shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means (the "Procedures") which shall include filing a cover sheet through CM/ECF indicating that the document is being filed under seal. All such documents so filed shall be released from confidential treatment by the District Court only upon further order of the Court. In addition, documents designated as "Confidential" or "Confidential—Attorneys Eyes Only" shall be filed in hard copy with the Clerk's office as provided in the Procedures and shall contain the following language on the cover page: "CONFIDENTIAL - FILED UNDER SEAL."

      12.    The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order shall comply with the Procedures, including without limitation the provisions governing the filing of a copy for public inspection.

      13.    Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

      a.    operate as an admission by any party that any particular Confidential Discovery Material contains or reflects any type of confidential information;

b.       prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

c.       prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

d.       prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

e.       prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

f.       prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

14.       This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Discovery Material for any purpose.  Nothing herein shall (i) prevent a party from disclosing their own Discovery Material, including Confidential Discovery Material, or other information to officers, managers, members or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

15.     a.      Except as specified in section 15(b) below all Confidential Discovery Material shall be maintained at all times in secure facilities with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this Stipulated Protective Order, provided that counsel may temporarily furnish copies to experts and to the persons listed in Section 4 above to the extent necessary for the preparation for depositions, trial, or any hearing.

        b.      Notwithstanding section 15(a), Confidential Discovery Material may be temporarily removed from the facilities identified above for the purposes of conducting depositions, preparation of witnesses for depositions and witness interviews as permitted by this Stipulated Protective Order, consultation with experts or consultants, photocopying, imaging and database preparation, and hearings, conferences and trial of this action in this Court and any appeals of this action. Reasonable precautions shall be taken to ensure that access to Confidential Discovery Material is restricted to persons entitled to have such access pursuant to this Stipulated Protective Order.

16.     In the event of disclosure of any Confidential Discovery Material to a person not authorized for access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made.

17.     If a party in possession of Confidential Discovery Materials receives a subpoena or other compulsory process from a non-party to this Stipulation and Order seeking

8

production or other disclosure of such Confidential Discovery Materials, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the Confidential Discovery Material sought and enclosing a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Discovery Material called for prior to receiving a court order or the consent of the Producing Party.  In the event that such Discovery Material containing Confidential information is produced to the non-party, such material shall still be treated in accordance with the designation as Confidential by the parties to this Stipulation and Order.

18.    If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, that party shall promptly return to the claiming party or person that material, including all copies, as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose until further order of the Court.  The party returning such material may then move the Court for an order compelling production of the material.

19.    In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party by its counsel has

executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation and Order.

20.     Non-parties who produce documents pursuant to this Stipulation and Order shall have the benefit of this Stipulation and Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

21.     The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order by the Court, and any willful violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order has been entered by the Court.

22.     The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

23.     Subject to the Retention Requirements set forth in the Procedures, within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify such destruction in writing. However, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, including exhibits, and attorney work product (including Discovery Material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work

10

product to any person, except pursuant to court order or agreement with the party that produced the Confidential Discovery Material.

During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material, or Confidential, or as Confidential-- Attorneys Eyes Only, shall give written notice to the party producing such Discovery Material or testimony of the objection and the parties shall attempt in good faith to resolve any disputes over designation.  Should the parties be unable to agree upon the designation of confidentiality, the matter may be submitted to the Court by the party asserting that the designation of confidentiality was improper, in accordance with the Court's discovery dispute procedures.  While such a dispute is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order and disclosure shall be prohibited to the extent provided herein unless and until the Court rules otherwise.  The burden of demonstrating, upon a challenge by the opposing party, that Discovery Material or testimony have been properly designated as confidential rests with the party that designated the documents and information as confidential.

24.    In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use, except for material that is reflected in public transcripts of court proceedings.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceeding.

26.    Other Proceedings.  By entering this Order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential Discovery Material," or "Confidential," or "Confidential--Attorneys Eyes Only," pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

/s/ Sarah A. Fruehauf
Sarah A. Fruehauf (No. 5084)
Assistant City Solicitor
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
safruehauf@wilmingtonde.gov
*Attorney for Defendants*

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
300 Delaware Ave, Suite 1120
Wilmington, DE 19801
(302) 298-0701
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*

Dated: July 13, 2016

SO ORDERED this __13__ day of __July_____, 2016.

_____
United States District Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACOB SANTIAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-795 RGA |
| | ) | |
| OFFICER MACNAMARA and OFFICER | ) | |
| OFFICER SHAUB, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIAL

I, _____, hereby certify (i) my understanding that Discovery Material,

Confidential Discovery Material, or Confidential--Attorneys' Eyes Only Discovery Material is

being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the

Production and Exchange of Confidential Information (the "Order") entered by the United States

District Court for the District of Delaware, and (ii) that I have read the Order, I understand the

terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction

of the United States District Court for the District of Delaware, and further appoint the Clerk of

the United States District Court for the District of Delaware as my agent for service of process, for

purposes of enforcement of the Order.   I understand that any violation of the terms of this

Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

Dated: _____     Signature: _____